Read, J.
The pleadings admit, and. the proof shows, beyond doubt, that Kittridge was surety. Gilruth swears that the note was given for money loaned ; that the whole negotiation was with Kimball, with whom he always dealt in relation to the demand ; that the note continued his property until September 18, 1837. This was long after it was due, about ten months.
The part of Gilruth’s testimony upon which the defense mainly relies, is as follows: On February 9, 1837, the witness was at Norwalk when the note was given, and called upon Kimball for pay, who excused himself, and wanted delay; and it was proposed to pay him ten per cent, as a consideration for it. The witness says: “I have consented to take the proposed interest, it being expressly agreed that the notes should remain just as they were, instead of being renewed. I agreed to wait until the 1st of May following. Kimball then alculated the extra four per cent, interest on the $2,000 *till the 1st day of May, and gave me his note for it, part of which was traded out in his store the 3d of August following.” He further says, that the note of $34.44, of February 9, 1837, and due May 12, 1837, upon which he received from Kimball, August 3, 1837, $24.63, he afterward sold with the payments credited, to Latimer.
Now, the question arising upon the above state of facts, is, was here such an agreement to give further time upon a valid and binding consideration as will discharge the surety? It is an undoubted principle of law, that, if the creditor, by agreement with the principal debtor, or by any other act, precludes himself at law from proceeding against the principal debtor, the surety is discharged. It is not questioned but that a binding agreement upon a valid consideration to give further time to the principal debtor, will discharge the surety. But it is considered in this case, that there was no valid consideration for the agreement to extend the time of payment of this note from February 9, 1837, to the 1st of May following; because the $34.44 note, the consideration of such agreement, was for a rate of interest larger than our statute allows to be collected. It is just as competent for the principals to a note to extend the time of payment for a specified period, as it was to fix the time of payment originally. If the lender of money, secured by a note, after the same becomes due, contracts with the borrower that the time of paying the same shall be extended for one year, or for any other period, upon consideration that the *352 borrower shall pay the legal or less rate of interest, why is not that a binding contract? The lender, by this contract, secures to himself the interest on his money for the year; and the borrower precludes himself from getting rid of the payment of the interest, by discharging the principal. It is a valuable right to have money placed at interest, and it is a valuable right to have the privilege, .at any time, of getting-rid of the payment of interest, by discharging the principal. By this contract, the right to interest is secured for a given period, and the right to pay off the ^principal, and get rid of paying the interest, is also relinquished for such period. Here, then, are all the elements of a binding contract. But it is said there is no consideration for the extension of time, becauso the law gives six per cent, after the note is due. But the law does not secure the payment of this interest for any given period, or prevent the discharge of the principal at any moment. There is precisely the same consideration for the extension of the time as there was for the original loan. The consideration of the loan, on the part of the borrower, is the payment of interest. If there was no law limiting the amount of interest, the parties might contract for any rate they pleased. A contract to forbear the collection of a debt for a specified period, in consideration of the payment of a rate of interest beyond what the law allows, is founded upon a valid consideration. This would never have been doubted at all, if the law had not fixed the rate for which collection could be had. But, by limiting the rate of interest, the law does not declare that such rate is not a valuable consideration, but, on the contrary, declares that such rate is so fully valuable, that it will not permit a higher rate for the use of money or forbearance. The law would permit any amount to be paid for forbearance, if it were not for the fact that this would break down the whole policy of the law limiting the rate of interest; and that forbearance amounts to nothing more than a mere loan. The only doubt which has arisen from the fact in this case is, that, in countries where the law declares usurious contracts void, a contract to pay usurious interest is void; and hence, such a contract to pay, would form no consideration for an agreement to give time, or forbear the collection of a debt for a specified period. Such a contract with us is not wholly void, but the statute steps in and pares it down to the legal rate, and permits that to be collected. Hence, this $34.44 *353, 354 note is a good and valid contract for the payment of six per cent, interest — and hence, a good consideration to support the agreement to extend the time of payment of the $2,000, to the time contracted for; and the original parties, ^without the knowledge of the surety, having, by valid agreement, extended the time, the surety is discharged.
This view carries out the spirit of the statute respecting interest, secures it from the opportunity bf violation, harmonizes with the decisions had under it, and rests, in our opinion, upon a solid foundation.
Hitohoock, J., having been of counsel for one of the parties, did not sit in the case.